IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

KENNETH E. WILLIAMS,               )
                                   )
    Plaintiff,                     )
                                   )
vs.                                )   CV 04-J-0198-S
                                   )
UNIVERSITY FEDERAL                 )
CREDIT UNION, et al.,              )
                                   )
    Defendants.                    )
                                   )

## MEMORANDUM OPINION

Currently pending before the court are motions to dismiss filed by all remaining defendants[1], as follows: (1) defendant Regions Bank's ("Regions") motion to dismiss (doc. 16); (2) defendants Adams and Reese/Lange Simpson LLP, Joe A. Joseph, Scott R. Haller and Jesse P. Evans' ("ARLS defendants") motion to dismiss (doc. 17); (3) defendants University Federal Credit Union, Joe McGee and Glenn Bryant's ("UFCU defendants") motion to dismiss (doc. 21); (4) defendants Walston, Wells, Anderson & Bains, LLP and James N. Nolan's ("Walston Wells defendants") motion to dismiss (doc. 24); (5) defendant John Hartman's ("Hartman") motion to dismiss (doc. 25) and

---

[1] Defendants Lee Benton and Doug Centeno were previously dismissed pursuant to the court's granting of their motion for summary judgement.

1

accompanying exhibits (doc. 26); and (6) defendant Kevin Kynard's ("Kynard") motion to dismiss (doc. 27). Plaintiff has filed a response to defendants' motions (doc. 46), a request that the court deny the motions to dismiss and reverse rulings made to date (doc. 47), and an affidavit in support of his claims (doc. 53). Many defendants have also filed motions for sanctions, as follows: (1) defendant Doug Centeno's ("Centeno") motion for sanctions (doc. 36); (2) defendant Hartman's motion for sanctions (doc. 39) and brief in support of his motion (doc. 56); (3) defendant UFCU's motion for sanctions (doc. 57); (4) defendant Regions' motion for sanctions (doc. 59); and (5) the ARLS defendants' motion for sanctions (doc. 60). Plaintiff has filed an opposition to defendant Hartman's brief in support of motion for sanctions (doc. 58).

These motions were further considered by the court at its April 15, 2004 motion docket at which time all parties were present by and through counsel and the court heard oral argument on said motions. Having considered said motions and argument, the court is of the opinion that the motions to dismiss are due to be **granted** and that the motions for sanctions are due to be **denied**.

## I. Background

Plaintiff has named two of his creditors[2], employees of these creditors[3] and

---

[2] Regions Bank and University Federal Credit Union are the creditor defendants.

[3] Joe McGee and Glenn Bryant are employees of University Federal Credit Union.

lawyers and/or law firms who have represented these creditors[4] as defendants[5] in his complaint which makes general allegations against all defendants. Such allegations include: (1) violations of rights under the Americans with Disabilities Act and other civil and constitutional rights; (2) bribery in violation of 18 U.S.C. § 1961; (3) extortion in violation of 18 U.S.C. §§ 891, 892 and 1961; (4) violation of 18 U.S.C. § 894; (5) violation of 18 U.S.C. § 1343; (6) violation of 18 U.S.C. § 1344; (7) violation of 18 U.S.C. § 1952; (8) violation of 18 U.S.C. § 1956; (9) violation of 18 U.S.C. § 1957; (10) perjury; and (11) conspiracy.

## II. Analysis

In their motions to dismiss, defendants assert that plaintiff's complaint fails to state a claim upon which relief may be granted and, thus, should be dismissed under Rule 12(b)(6).[6] The well-established rule of law is that a motion to dismiss under Rule

---

[4] Joe A. Joseph, Scott R. Haller and Jesse P. Evans are attorneys with the firm of Adams and Reese/Lange Simpson LLP and have represented Regions Bank. James N. Nolan is an attorney with the firm of Walston, Wells, Anderson & Bains, LLP and has represented University Federal Credit Union.

[5] Plaintiff has also named John Hartman, an attorney, and Kevin Kynard as defendants. In his affidavit, plaintiff asserts that John Hartman represented plaintiff *and* that John Hartman is general counsel for University Federal Credit Union. (Plaintiff Aff., doc. 53.) Plaintiff further asserts that Kevin Kynard was the managing member of the LLC which purchased plaintiff's business and farm. *Id.*

[6] The court notes that plaintiff has filed a series of lawsuits in which several defendants named here have been parties. Such defendants also argue that plaintiff's claims against them are barred by the doctrines of res judicata and collateral estoppel. The court declines to determine whether those doctrines apply here because the complete records from the other proceedings have not been submitted. *See Cope v. BankAmerica Housing Serv., Inc.*, 2000

3

12(b)(6) of the Federal Rules of Civil Procedure is due to be granted only when the movant demonstrates "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). Moreover, the court must construe plaintiff's *pro se* allegations liberally, holding his pleadings to a less stringent standard than pleadings drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520-1, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Trawinski v. United Techs.*, 313 F.3d 1295, 1297 (11th Cir. 2002). For the reasons set forth below, the court finds that plaintiff fails to state a claim upon which relief may be granted against defendants.

In Count I of his complaint, plaintiff alleges that defendants have violated his rights under the Americans with Disabilities Act ("ADA") and other (unidentified) civil and constitutional rights. The only conceivable cause of action under the ADA would possibly lie under the "public accommodations and services" subchapter of the Act, 42 U.S.C. §§ 12181-12189. However, the ADA allegations contained in Count I fail to state a claim under the ADA in that the plaintiff makes no allegation of discriminatory conduct in the provision of public accommodations. *See* 42 U.S.C. § 12182. The allegations of violations of "civil and constitutional rights" are merely conclusory and insufficient to survive a motion to dismiss. *See Dalrymple v. Reno*, 334

---

WL 1639590, *7 (M.D. Ala.).

4

F.3d 991, 996 (11th Cir. 2003). Thus, Count I fails to state a claim.

In Count II of his complaint, plaintiff alleges that defendants have committed bribery in violation of 18 U.S.C. § 1961. Section 1961 is the definition section of the Racketeer Influenced and Corrupt Organizations Act ("RICO"). In order to bring a claim under RICO, a plaintiff must properly allege each of the following elements: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activities." *Ford v. Citizens & S. Nat'l Bank*, 700 F. Supp. 1121, 1125 (N.D. Ga. 1988) (quoting *Durham v. Business Mgmt. Assocs.*, 847 F.2d 1505, 1511 (11th Cir. 1988)). Because plaintiff has failed to properly allege any predicate acts, plaintiff's RICO claims fail.

In Counts III-VI and VIII-X[7] of his complaint, plaintiff alleges that defendants have violated various criminal statutes for which no express or implied right of civil action exists (except under RICO). *See, e.g., Napper v. Anderson, Henley, Shields, Bradford & Pritchard*, 500 F.2d 634, 636 (5th Cir. 1974) (holding no express or implied right of civil action for an alleged violation of 18 U.S.C. § 1343). Thus, considered independently, Counts III-VI and VIII-X all fail to state a claim.[8]

While plaintiff appears to be alleging that the violations cited in Counts III-VI

---

[7]  The complaint omits a Count VII.

[8]  The court notes that violations of federal criminal statutes which do not provide for a civil remedy are matters reserved for the U.S. Attorney.

and VIII-X support his RICO claim[9], plaintiff's allegations are still insufficient in that he fails to plead facts sufficient to support his allegations that these criminal statutes were violated. In other words, plaintiff has not plead facts supporting the existence of a "racketeering activity." For example, in Counts III and IV of his complaint, plaintiff alleges violations of 18 U.S.C. §§ 891, 892, and 894[10]. Section 892 makes any "extortionate extension of credit" criminal. "An extortionate extension of credit is any extension of credit with respect to which it is the understanding of the creditor and the debtor at the time it is made that delay in making repayment or failure to make repayment could result in the use of violence or other criminal means to cause harm to the person, reputation, or property of any person." 18 U.S.C. § 891(6). Plaintiff alleges that defendants threatened to call loans but not that there was any understanding <u>at the time loans were made</u> that violence or other criminal means would be used to cause harm. Moreover, the threat of calling loans does not constitute a threat of violence or other criminal means. Section 894 makes the "collection of extensions of credit by extortionate means" criminal. "An extortionate means is any means which involves the use, or an express or implicit threat of use, of violence or

---

[9] Each of these criminal statutes cited to by plaintiff in Counts III-VI and VIII-X is expressly included in the definition of "racketeering activity." 18 U.S.C. § 1961(1)(B).

[10] These statutes are provisions of the Consumer Credit Protection Act, 18 U.S.C. §§ 891-894.

6

other criminal means to cause harm to the person, reputation, or property of any person." 18 U.S.C. § 891(7). Plaintiff alleges that defendants threatened to call loans if he did not make payments on them but, as stated previously, the threat of calling loans does not constitute a threat of violence or other criminal means. Therefore, even taking plaintiff's allegations as true, plaintiff does not allege facts which would support the existence of any racketeering activity.

Next, in Count XI of his complaint, plaintiff alleges that defendants have committed perjury. However, perjury is a crime, and neither federal nor state law recognizes a civil remedy to recover damages from a defendant who has committed perjury. *See* 60A AM. JUR. 2D *Perjury* § 104. Therefore, plaintiff can prove no set of facts in support of his perjury claim which would entitle him to relief. *See Conley*, 355 U.S. at 45-46.

Finally, in Count XII of his complaint, plaintiff alleges a conspiracy by the defendants. Under Alabama law, civil conspiracy is not an independent cause of action. *Singleton v. Protective Life Ins. Co.*, 857 So. 2d 803, 814 (Ala. 2003). Likewise, under federal RICO law, there must be a predicate act to support a claim of conspiracy. *Beck v. Prupis*, 529 U.S. 494, 505-507, 120 S. Ct. 1608, 146 L. Ed. 2d 561 (2000); *see Salinas v. United States*, 522 U.S. 52, 118 S. Ct. 469, 139 L. Ed. 2d 352 (1997). Thus, since plaintiff's other claims fail as a matter of law, his conspiracy claim

7

must fail as a matter of law also because there is no underlying, actionable wrong to support a conspiracy theory.

Because plaintiff fails to state any claim upon which relief may be granted against defendants, plaintiff's claims are due to be dismissed.[11]  Many of the defendants have also moved for sanctions. In its discretion, the court declines to impose sanctions.

### III. Conclusion

Based upon the foregoing, defendants' motions to dismiss (docs. 16, 17, 21, 24, 25, 27) are **GRANTED** and defendants' motions for sanctions (docs. 36, 39, 57, 59, 60) are **DENIED**. Plaintiff's claims against defendants shall be dismissed with prejudice by separate order.

**DONE** and **ORDERED** this ___22___ day of April, 2004.

                                               Inge P. Johnson
                                               United States District Judge

---

[11] The court notes that any concerns plaintiff has regarding any attorney-client relationships would be a matter for the Alabama State Bar to consider.